THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO. 3:14-cr-00014-TCB-RGV |
| | : | |
| MARGARET ROSSO | : | |

MAGISTRATE JUDGE'S FINAL
REPORT AND RECOMMENDATION

On March 27, 2017, defendant Margaret Rosso ("Rosso") was found to be mentally incompetent to proceed with her sentencing hearing, and pursuant to 18 U.S.C. § 4241(d), she was committed to the custody of the Attorney General for a period not to exceed four months for the purpose of attempting to restore her to competency to permit these proceedings to go forward. [Doc. 146]; see also [Doc. 144].[1] Following evaluation and treatment of Rosso at the Federal Medical Center, Carswell ("FMC Carswell") in Fort Worth, Texas, the Court, as well as counsel, received a copy of a forensic evaluation and certification of restoration of competency to proceed with her sentencing hearing. On October 6, 2017, the Court conducted an evidentiary hearing and heard from counsel concerning Rosso's competency. [Doc. 155]. After careful consideration of the record, arguments of counsel, and relevant

---

[1] The listed document and page numbers in citations to the record in this Report and Recommendation refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

legal authority, it is **RECOMMENDED** that Rosso be found mentally competent to proceed with her sentencing hearing.

## I.  FACTS AND PROCEDURAL HISTORY

Rosso was charged along with co-defendant Tony Hightower in an eighty-six count indictment with conspiracy and unlawful distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)C), (b)(1)(E), 846, and 856(a)(1) and 18 U.S.C. § 2.  See [Doc. 1].  On April 14, 2016, Rosso entered a negotiated guilty plea to the conspiracy charged in count one of the indictment.  See [Doc. 112].  Prior to her sentencing, Rosso filed a motion for a psychiatric examination pursuant to 18 U.S.C. § 4241, and she requested a hearing to determine her competency. [Doc. 117]. The government did not oppose Rosso's request for a psychiatric examination to determine her competency, [Doc. 119], and upon review of the motion and record in this case, the Court found that there was reasonable cause to believe that Rosso may be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she may be unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. Consequently, the Court ordered Rosso to be examined pursuant to 18 U.S.C. § 4241. [Doc. 123].  Rosso was examined by Michael C. Hilton, M.D. ("Dr. Hilton"), a qualified psychiatrist, on October 11, 2016, and he prepared a report of his

examination that was provided to the Court and counsel in this case. [Doc. 141-1 (under seal)]. Dr. Hilton concluded that Rosso was mentally incompetent to proceed with her sentencing hearing. [Id. at 13-14].

On March 27, 2017, the Court conducted an evidentiary hearing concerning Rosso's competency to proceed with her sentencing hearing. See [Doc. 144]. The Court afforded the parties the opportunity to present evidence and testimony, and the parties stipulated to the admission of Dr. Hilton's report, under seal, and they concurred with his finding that Rosso was presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she was unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. See [id.]. The Court found that Rosso was not competent to proceed with her sentencing hearing and committed her for treatment and evaluation pursuant to 18 U.S.C. § 4241(d).[2] [Doc. 146].

Rosso arrived at FMC Carswell on May 8, 2017, and she remained there through August 2017 for evaluation. [Doc. 157 at 7]. On September 19, 2017, the Warden of FMC Carswell sent to the Court and counsel a forensic evaluation of

---

[2] The Court further found that there was reasonable cause to believe that Rosso may be suffering from a mental disease or defect for the treatment of which she was in need of custody for care or treatment in a suitable facility, and ordered that, if Rosso were found to be competent upon evaluation and treatment, she also be evaluated pursuant to 18 U.S.C. § 4244(b). [Doc. 146 at 2].

Rosso and a Certificate of Recovery indicating that Rosso is competent to proceed with her sentencing hearing, pursuant to 18 U.S.C. § 4241(e). [Id. at 1]. The forensic evaluation was completed by Amor Correa, Ph.D. ("Dr. Correa"), a forensic psychologist, and reviewed by the Chief Psychologist, Daniel D. Kim, Ph.D. ("Dr. Kim"), both of whom reported that Rosso is able to understand the nature and consequences of the proceedings against her and to assist in her defense. [Id. at 13-14]. On October 6, 2017, the Court conducted an evidentiary hearing on the issue of whether Rosso's competency has been restored to the extent that she has the capacity to understand the nature and consequences of the proceedings against her and to assist properly in her defense. [Doc. 155].

Rosso and her attorney, as well as the prosecutor, appeared at the competency hearing, see [id.], and the Court received into evidence without objection the Certificate of Recovery and the accompanying forensic evaluation with a cover letter as Joint Exhibit 1, under seal, [Doc. 157]. The forensic report prepared by Drs. Correa and Kim summarized Rosso's history and course of evaluation and treatment at FMC Carswell. [Id. at 3-12]. Rosso was interviewed and observed during her stay and administered psychological tests. [Id. at 3-4]. Rosso remained on the same psychotropic medication that had been prescribed for her prior to her arrival at FMC Carswell. [Id. at 9]. Although she had some interpersonal disputes with other

inmates and staff members while at FMC Carswell, Rosso followed the rules of the facility and did not receive any formal disciplinary sanctions. [Id. at 7-8]. She was routinely observed and monitored by medical, psychiatric, and psychological staff and was generally cooperative during interviews related to her evaluation. [Id.].

As part of the restoration to competency process, Rosso attended weekly classes designed to provide education in understanding the nature and consequences of the proceedings against her and to assist properly in her defense. [Id. at 10]. She was described as demonstrating an excellent fund of knowledge regarding course material as well as logical and rational decision-making skills and insightful consideration of plea options in hypothetical legal scenarios, and she even helped explain court concepts to other class members. [Id.]. The Evaluation of Competency to Stand Trial - Revised ("ECST-R") was administered to assist in evaluating her competency-related abilities, and she displayed good factual knowledge of courtroom procedures and clearly understood the roles of judges, prosecutors, and defense attorneys. [Id. at 10-11]. Rosso was able to describe the nature of the charges against her and the course of proceedings that resulted in her entering a guilty plea to a single charge, and she demonstrated a clear understanding that pleading guilty means a defendant is admitting responsibility for the crime. [Id. at 11]. Rosso's ability to assist her counsel was also evaluated,

and she described her relationship with her attorneys in generally positive terms, and she actively communicated with one of her attorneys throughout the evaluation period and worked with him on filing a motion to coordinate her release from FMC Carswell upon completing the evaluation. [Id. at 11-12].

Rosso was diagnosed with Other Specified Personality Disorder with Borderline and Narcissistic Features, which includes a pervasive pattern of instability in interpersonal relationships and mood states, as well as a pattern of grandiosity and need for admiration characterized by a high sense of self-importance, a sense of entitlement, or unreasonable expectations of favorable treatment. [Id. at 12-13]. However, she did not present with any major mental health symptoms during the evaluation period that would prevent her from being a competent defendant, and she displayed no psychological deficit that would prevent her from assisting her attorney in her defense. [Id. at 13]. Rosso demonstrated the ability retain legal and court concepts and apply those concepts to her own case in a rational manner. [Id.]. Accordingly, Drs. Correa and Kim opined that Rosso is currently competent to proceed with sentencing as she is not suffering from a mental disease or defect which would render her unable to understand the nature and consequences of the proceedings against her, to assist

properly in her own defense, or to understand the consequences and significance of pleading guilty to the charges against her.[3]  [Id.].

## II. DISCUSSION

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam) (citations omitted).  The test for determining competency to stand trial is "whether [defendant] has sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding -- and whether [s]he has a rational as well as factual understanding of the proceedings against [her]." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam) (internal marks omitted).  "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial." Rahim, 431 F.3d at 759 (citation omitted).

"Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1259

---

[3] Drs. Correa and Kim also opined that Rosso is not suffering from a mental disease or defect for the treatment of which she is in need of custody for care or treatment in a suitable facility.  [Doc. 157 at 13-14].  Rather, they recommended that she would most benefit from psychotherapy to address emotional self-regulation and maladaptive relationship patterns, and this treatment is offered at any Bureau of Prisons facility as well as in community settings.  [Id. at 14].

(11th Cir. 2002) (citation and internal marks omitted); see also Battle v. United States, 419 F.3d 1292, 1299 (11th Cir. 2005) (per curiam) (same). Neither proof of "low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior" is necessarily "equated with mental incompetence to stand trial." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) (citation omitted); see also Battle, 419 F.3d at 1299 (same). Nor does the fact that a defendant "has been treated with anti-psychotic drugs" render him per se incompetent to stand trial. Medina, 59 F.3d at 1107 (citation omitted). Quite often the best evidence of a defendant's competence to stand trial is the evidence of her behavior during the relevant time period, "especially the evidence of how [s]he related to and communicated with others[.]" Wright, 278 F.3d at 1259.

    The undisputed evidence in this case, as presented in the forensic evaluation admitted as a joint exhibit at the evidentiary hearing, demonstrates that Rosso is presently able to understand the nature and consequences of the proceedings against her and has sufficient ability to assist her lawyers in her defense. See [Doc. 157]. On the ECST-R administered to her, Rosso displayed good factual knowledge of courtroom procedures and clearly understood the roles of judges, prosecutors, and defense attorneys. [Id. at 11]. Rosso was able to describe the nature of the charges against her and the course of proceedings that resulted in her entering a

guilty plea to a single charge, and she demonstrated a clear understanding that pleading guilty means a defendant is admitting responsibility for the crime. [Id.]. Rosso also demonstrated the ability to assist her counsel. [Id.]. Drs. Correa and Kim reported that Rosso did not present with any major mental health symptoms during the evaluation period that would prevent her from being a competent defendant, and she displayed no psychological deficit that would prevent her from assisting her attorney in her defense. [Id. at 13]. Indeed, Rosso demonstrated the ability retain legal and court concepts and apply those concepts to her own case in a rational manner. [Id.]. Therefore, the undisputed evidence of record supports finding that Rosso is presently competent to proceed with her sentencing hearing.

### III. CONCLUSION

For the foregoing reasons and cited authority, it is **RECOMMENDED** that the District Court find that Rosso is competent to proceed with sentencing as she has the "present ability to consult with [her] lawyer with a reasonable degree of rational understanding . . . [and that she has] a rational as well as factual understanding of the proceedings against [her]." Rahim, 431 F.3d at 759 (citation and internal marks omitted).

**IT IS SO RECOMMENDED**, this 10th day of October, 2017.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE